[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10526
Non-Argument Calendar

_____

D. C. Docket No. 05-14066-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS RODRIGUEZ-ESTRADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 15, 2006)**

Before ANDERSON, BIRCH  and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Carlos Rodriguez-Estrada appeals his 72-month sentence for

illegal reentry by a felon, in violation of 8 U.S.C. § 1326(a), (b)(1). On appeal, Rodriguez-Estrada argues that the district court imposed an unreasonable sentence when it sentenced him above the applicable guideline range based on his extensive criminal history. Rodriguez-Estrada argues that (1) the district court erred by failing to conduct the criminal history departure analysis required under U.S.S.G. § 4A1.3 before imposing his sentence outside the guideline range; (2) the district court should have examined "the next criminal history category" to determine if his closely resembled defendants in that category; and (3) the district court ignored § 4A1.3 and, without proper analysis, sentenced him to a term of imprisonment that was 260% higher than the advisory guideline.

We review the district court's final sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2005). Post-*Booker*, district courts are still required to consider the federal sentencing guidelines. *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 812 (2005). Section 4A1.3 of the guidelines allows a sentencing court to upwardly depart when it believes that a defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant would commit other crimes. U.S.S.G. § 4A1.3. However, after accurately calculating the guideline range, a sentencing court may, post-*Booker*,

2

impose a more severe or more lenient sentence. *Winingear*, 422 F.3d at 1244-45.

In imposing its sentence, the sentencing court considers the factors listed in 18 U.S.C. § 3553(a). *United States v. Scott*, 426 F.3d 1324, 1328-1329 (11th Cir. 2005). These factors include *inter alia*: (1) the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense; (3) the need for the sentence to afford adequate deterrence to criminal conduct; and (4) the need for the sentence to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). The statutory maximum under 8 U.S.C. § 1326 for an alien who had been removed previously for a felony is 10 years imprisonment. 8 U.S.C. § 1326(a), (b)(1).

After reviewing the record, we conclude that the sentence imposed in the instant case was reasonable. Although Rodriguez-Estrada argues, in essence, that the district court's sentencing decision was a disguised upward departure under § 4A1.3, a review of the sentencing transcript reveals that the district court did not impose an upward departure under the guidelines. Moreover, the district court appropriately considered the factors listed in § 3553(a) and imposed a reasonable sentence. The court's deliberations reflect consideration of: (1) the nature and circumstances of the offense; (2) the need for the sentence imposed to reflect the

seriousness of the offense and to promote respect for the law; (3) the need for the sentence to afford adequate deterrence and protect the public from the defendant's further crimes; and (4) the history and characteristics of the defendant. Thus, because the imposition of Rodriguez-Estrada's 72-month sentence reflected consideration of several of the relevant factors, including the guidelines, was supported by the record, and fell below the 120 month statutory maximum, his sentence outside the guidelines range is reasonable. Accordingly, we affirm his sentence.

**AFFIRMED.**